Andrew WILSON, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0268–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1982.

Rehearing Denied March 15, 1982.

Jay Bennett, Houston, for appellant.

Roberto Gutierrez, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

The appellant appeals from a conviction of assault. His punishment was assessed at 270 days confinement, after the jury found the enhancement allegation to be true.

The appellant's two grounds of error complain that the evidence to support the enhancement allegation was insufficient, and that the trial court erred in refusing to grant an instruction to the jury to disregard the prosecutor's alleged improper questioning of the appellant.

The appellant was charged with a misdemeanor assault of intentionally and knowingly causing bodily injury to the complainant by hitting the complainant in the face with his fist.

The appellant's first ground of error complains of the insufficiency of the evidence to support the following enhancement paragraph included in the appellant's indictment;

Before the commission of the offense alleged above, on August 31, 1978, in Cause No. 283267, in the 179th District Court of Harris County, Texas, the defendant was convicted of the misdemeanor of unlawfully carrying a handgun.

The appellant had filed a signed written application for probation which stated in the printed portion of such form that the appellant had never been convicted of a felony. Immediately following the

printed portion was handwritten on the form, "... except defendant was given probation in 1971 for assault and convicted in 1978 for carrying a pistol." This application was withdrawn. The record reflects that the State did not follow any of the methods of proof of enhancement enumerated by the Texas Court of Criminal Appeals in *Daniel v. State,* 585 S.W.2d 688 (Tex. Cr. App. 1979). The only evidence proffered by the State to prove enhancement was the testimony of an assistant district clerk who testified that the appellant had sworn to her that morning that he had been convicted in 1978 for carrying a pistol, when he made the application for probation. The record reflects that the appellant's application was withdrawn. It further reflects that the clerk did not personally know the defendant, she was not aware of his prior conviction, and she could not personally identify him. Where the record is void of any evidence that the appellant was the same person convicted of the crime alleged in the indictment, a finding of true to the enhancement provision of the charge cannot be sustained. *Baker v. State,* 505 S.W.2d 869 (Tex. Cr. App. 1974). The appellant's first ground of error is sustained.

The appellant asserts in his last ground of error that the trial court erred in overruling his request for an instruction to disregard the State's question regarding an extraneous offense. The following excerpt from the record contains the complained of evidence:

Q. Were you wanted by the Pearland Police?

Mr. Lambright: Object

Mr. Mitchum: This is a conversation he testified to.

The Court: Is it about this occurrence that night or something that is irrelevant?

Mr. Lambright: It's an extraneous matter the court ruled on in Limine. It's violation of the Court's order and is highly prejudicial. I would ask the Court to disregard it. I don't think it would cure it and I ask for a mistrial.

The Court: That's overruled. I don't think we have gone far enough.

Mr. Mitchum: I would strike the question.

Mr. Lambright: Do I get an instruction?

The Court: I overruled it.

The record does not reflect that the appellant had in fact testified concerning this matter, and the appellant contends that harm is demonstrated in that the jury returned a severe sentence three times longer than the minimum of ninety days.

A conviction is rarely reversed because of an improper question. To cause reversal, the question must be obviously harmful and prejudicial. *Sensabaugh v. State,* 426 S.W.2d 224 (Tex. Cr. App. 1968). After reviewing the entire record and the surrounding circumstances we are of the opinion that the prosecutor's question was improper and the court should have instructed the jury to disregard it. However, after considering the evidence produced by the State, and the nature of the question in relationship to all other testimony, we are of the opinion that reversible error did not exist because of the question asked by the State. The appellant's second ground of error is overruled.

The cause of action is reversed and remanded to the trial court for a new trial.