Andrew WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 350–82.

Court of Criminal Appeals of Texas,
En Banc.

June 20, 1984.

Jay W. Burnett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart, Roberto Gutierrez & David Mitcham, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was charged by information with misdemeanor assault, a violation of V.A.P.C., Sec. 22.01(a)(1). He was convicted by a jury, who also found the allegations in the enhancement paragraph to be true and assessed punishment at 270 days' confinement. The court of appeals for the first supreme judicial district, 638 S.W.2d 16, reversed the conviction because the evidence was insufficient to prove the enhancement allegation. We granted the State's petition for discretionary review to address the sufficiency of the evidence to support the jury's finding.

After the jury had returned a verdict of guilty, the State called the assistant district clerk of the court to testify. She testified that appellant had sworn before her that morning that he had been given probation in 1971 for assault and convicted in 1978 for carrying a pistol.[1] Testimony was then elicited from the prosecutor and from appellant's attorney that appellant had filed an application for probation in the case. The application for probation, sworn to by appellant, recited that appellant had never been convicted of a felony. Immediately below the printed portion the following was handwritten: "except Defendant was given Probation in 1971 for assault and convicted in 1978 for carrying a pistol". The court had, before trial, granted appellant's request to withdraw the application for probation.

The foregoing testimony constitutes the entire record for the punishment hearing. The court's charge to the jury on punishment set out the enhancement paragraph and then stated: "to this allegation in Paragraph Two of the information the defendant has pleaded 'true'." No objection was made to this charge.

The State argues that, although there is no showing in the record of appellant's actually pleading to the enhancement paragraph, the "record shows, *via the charge,*[2] that the appellant pled true to the enhancement paragraph." Appellant contends that a charge is not proof and there is no evidence of a plea of "true." Further, there is insufficient evidence to otherwise prove the enhancement allegation.

■ The state has the burden of proof to show the prior conviction was a final conviction under the law and that appellant was the person previously convicted of that offense. *Augusta v. State,* 639 S.W.2d 481, 484 (Tex.Cr.App.1982); *Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Cr.App. 1981). If, however, a defendant pleads "true" to the enhancement paragraph the State's burden of proof is satisfied. The plea of "true" is sufficient proof. *Harvey,* supra; *Dinn v. State,* 570 S.W.2d 910, 915 (Tex.Cr.App.1978).

■ The State invokes Art. 44.24, V.A.C. C.P. and claims that the recitation in the charge together with the presumption of regularity satisfies their burden of proof and in effect, constitutes *evidence* that appellant pled "true" and meets that burden of proof. We disagree.

Two problems exist with the State's contention. First, insufficiency of the evidence to prove the enhancement allegation and meet the State's burden, i.e., a proof problem, exists. Second, the State's reliance on the charge as proof completely misinterprets the purpose and role of the charge in a jury trial.

Art. 44.24 presumes that certain procedures were correctly followed in the trial court absent any objection or affirmative proof to the contrary. This case does not present a procedural problem involving whether appellant pled true, or pled at all, to the enhancement paragraph. Rather, this case involves a problem of sufficient evidence and proof. Art. 44.24 does not apply.

---

1. No attempt was made to connect up these "confessed" convictions with those alleged in the enhancement paragraph.

2. Emphasis added.

Pleas of "guilty" or "not guilty" do not constitute evidence. Therefore, the State must present evidence to disprove a plea of "not guilty" beyond a reasonable doubt, *Thornton v. State*, 601 S.W.2d 340 (opinion on rehearing 1980); *Farris v. State*, 643 S.W.2d 694 (Tex.Cr.App.1982), or to prove a plea of "guilty", Art. 1.15, V.A.C.C.P. However, pleas to enhancement allegations are different from pleas to the guilt-innocence phase of trial because a plea of "true" *does* constitute evidence and sufficient proof to support the enhancement allegation. *Harvey*, supra; *Dinn*, supra. Such a plea is one of several methods that may be used to prove up the enhancement allegation. *Daniel v. State*, 585 S.W.2d 688, 690 (Tex.Cr.App.1979). A plea of "true" will satisfy the State's burden of proof for enhancement allegations. Therefore, the fact that appellant entered a plea of "true" must be affirmatively reflected by *evidence* in the record.

Contrary to the State's contention that a recitation in the charge will suffice as proof, a charge is not evidence; rather, it is a "codification" of the State's theory of prosecution and evidence must be presented to *support* the charge. *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982). A recitation in the charge is not proof. Sufficiency is reviewed by comparing the *evidence* to the indictment as incorporated into the charge. *Benson*, supra. The charge does not stand on its own as proof. What the State asserts is sufficient, namely a recitation of a plea of "true" contained in the charge, is not evidence. Thus we are left with a charge and insufficient testimonial evidence to support that charge.

The instant case is similar to *Howard v. State*, 429 S.W.2d 155 (Tex.Cr.App.1968) wherein we held the evidence was insufficient to support the enhancement allegation. In *Howard* a jury convicted the defendant of burglary. The defendant elected to have the court assess punishment. The record on appeal contained a docket sheet reciting that the defendant stipulated he was the person previously convicted, a judgment stating that the defendant was "the same person previously convicted as alleged in the indictment for enhancement of punishment . . . ," and a sentence reciting that the defendant had been previously convicted. We held this evidence insufficient to prove the prior conviction and stated that "the stipulation upon which he made his finding as to the prior conviction alleged for enhancement" should have been included in the record on appeal. *Howard* at 156.

The State contends that *Sealey v. State*, 563 S.W.2d 817 (Tex.Cr.App.1978) controls the present case. In *Sealey* the defendant contended on appeal that this guilty plea was not knowingly, intentionally and voluntarily made and that he was not properly admonished under Art. 26.13, V.A.C.C.P., all matters involving procedural due process, not evidentiary sufficiency. The Court held that nothing was presented for review because there was no transcription taken of the guilty plea and the judgment controverting appellant's allegations was in the record. In the present case we do have a transcription of the punishment hearing at which the State attempted to prove the enhancement allegation. The record before us contains no plea at all to that allegation. If the state had presented sufficient evidence to prove the allegation in the form of *evidence* of a plea of "true", then despite the fact that there is no record of any plea, Art. 44.24 would apply. The State simply failed to present sufficient evidence to support the enhancement allegation.

The judgment of the court of appeals reversing the judgment of the trial court is affirmed and the case remanded.