TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00591-CR






Patrick Sarsfield Manley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 53,195, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Patrick Sarsfield Manley guilty of retaliation and assessed his
punishment, enhanced by previous felony convictions, at imprisonment for seventy-five years. In
his only point of error, Manley complains that the punishment charge did not include an instruction
on the State's burden of proof with respect to extraneous offense evidence. Finding no reversible
error, we will affirm the conviction.

Killeen police officers responding to a domestic disturbance call found Manley
outside his residence, shouting and cursing at his wife. His wife was crying, and she begged the
officers to protect her from Manley who, she said, was going to "beat my ass." Manley was
obviously intoxicated. He continued to curse and threaten his wife and also began to curse the
officers. The officers arrested Manley for public intoxication. He resisted their efforts to restrain
him and had to be picked up and placed in a patrol car. As he was being transported to jail, Manley
threatened to sexually assault and kill one of the officers. The next day, the same officer encountered
Manley outside the jail. He told her, "I'm still going to shoot you." It was this threat that led to
Manley's indictment for retaliation. See Tex. Pen. Code Ann. § 36.06(a)(1)(A) (West 2003).

The indictment alleged five previous felony convictions in Ohio for enhancement of
punishment. See id. § 12.42(d). Manley pleaded true to these allegations. See Wilson v. State, 671
S.W.2d 524, 525 (Tex. Crim. App. 1984) (plea of true sufficient to prove enhancement allegations). 
When the State offered into evidence Ohio prison records documenting Manley's convictions, he
did not object even though the records included details of the offenses and also contained a listing
of his other arrests and juvenile adjudications in that state. The State also introduced documentary
evidence of Manley's two Bell County misdemeanor convictions for assaulting a family member,
and a third for failing to stop and give information following a traffic accident.

The court's punishment charge instructed the jury to find the enhancement allegations
to be true. The charge did not mention the other offenses shown by the State's evidence, and it did
not instruct the jury regarding the State's burden of proof as to those offenses. Manley did not object
to the charge.

At the punishment stage, the State may offer evidence of extraneous crimes or bad
acts shown beyond a reasonable doubt to have been committed by the defendant, whether or not
these acts resulted in final convictions. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp.
2003). The jury must be instructed not to consider the extraneous offense evidence unless it finds
beyond a reasonable doubt that the defendant committed the offenses. Huizar v. State, 12 S.W.3d
479, 484 (Tex. Crim. App. 2000). This instruction is mandatory, and its omission is error even if
the defendant does not request it or object to its absence. Id. We therefore must examine the record
before us to determine whether the omission of the burden of proof instruction was so egregiously
harmful to Manley that it denied him a fair and impartial trial. Ellison v. State, 86 S.W.3d 226, 228
(Tex. Crim. App. 2002); see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op.
on reh'g) (test for fundamental charge error). 

Manley urges that without a proper instruction on the burden of proof, the jury was
more likely to consider and give weight to the extraneous offenses. He points out that the
prosecutors called the jury's attention to his criminal record during their opening and closing
arguments, and made specific reference to his misdemeanor convictions for assaulting his wife. On
the other hand, Manley did not deny his guilt or otherwise challenge any of the extraneous offense
evidence. Cf. Ellison v. State, 97 S.W.3d 698, 701 (Tex. App.--Texarkana 2003, no pet.) (omission
of burden of proof instruction egregiously harmful when commission of extraneous acts was
disputed). With respect to the previous assault convictions, it also must be remembered that they
were not mere unadjudicated allegations and that Manley's guilt had been proven beyond a
reasonable doubt in earlier trials. Moreover, the jury could consider the testimony describing
Manley's behavior toward his wife and the officers on the night of the disturbance that led to his
conviction in this cause. Finally, because Manley pleaded true to the enhancement allegations, the
jury was properly instructed to find that he had been previously convicted for attempted robbery,
sexual battery, grand theft, possession of criminal tools, and robbery. These convictions were for
offenses more serious than the extraneous offenses to which the burden of proof instruction would
have applied. 

Under the circumstances, we conclude that the court's failure to instruct the jury
regarding the State's burden of proof at the punishment stage did not cause Manley egregious harm
and had little, if any, effect on the punishment assessed. We therefore overrule the point of error and
affirm the judgment of conviction.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: September 11, 2003

Do Not Publish