# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00591-CR

---

**Patrick Sarsfield Manley, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 53,195, HONORABLE JOE CARROLL, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Patrick Sarsfield Manley guilty of retaliation and assessed his punishment, enhanced by previous felony convictions, at imprisonment for seventy-five years. In his only point of error, Manley complains that the punishment charge did not include an instruction on the State's burden of proof with respect to extraneous offense evidence. Finding no reversible error, we will affirm the conviction.

Killeen police officers responding to a domestic disturbance call found Manley outside his residence, shouting and cursing at his wife. His wife was crying, and she begged the officers to protect her from Manley who, she said, was going to "beat my ass." Manley was obviously intoxicated. He continued to curse and threaten his wife and also began to curse the officers. The officers arrested Manley for public intoxication. He resisted their efforts to restrain him and had to be picked up and placed in a patrol car. As he was being transported to jail, Manley

threatened to sexually assault and kill one of the officers. The next day, the same officer encountered Manley outside the jail. He told her, "I'm still going to shoot you." It was this threat that led to Manley's indictment for retaliation. *See* Tex. Pen. Code Ann. § 36.06(a)(1)(A) (West 2003).

The indictment alleged five previous felony convictions in Ohio for enhancement of punishment. *See id*. § 12.42(d). Manley pleaded true to these allegations. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984) (plea of true sufficient to prove enhancement allegations). When the State offered into evidence Ohio prison records documenting Manley's convictions, he did not object even though the records included details of the offenses and also contained a listing of his other arrests and juvenile adjudications in that state. The State also introduced documentary evidence of Manley's two Bell County misdemeanor convictions for assaulting a family member, and a third for failing to stop and give information following a traffic accident.

The court's punishment charge instructed the jury to find the enhancement allegations to be true. The charge did not mention the other offenses shown by the State's evidence, and it did not instruct the jury regarding the State's burden of proof as to those offenses. Manley did not object to the charge.

At the punishment stage, the State may offer evidence of extraneous crimes or bad acts shown beyond a reasonable doubt to have been committed by the defendant, whether or not these acts resulted in final convictions. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2003). The jury must be instructed not to consider the extraneous offense evidence unless it finds beyond a reasonable doubt that the defendant committed the offenses. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). This instruction is mandatory, and its omission is error even if

2

the defendant does not request it or object to its absence. *Id.* We therefore must examine the record before us to determine whether the omission of the burden of proof instruction was so egregiously harmful to Manley that it denied him a fair and impartial trial. *Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (test for fundamental charge error).

Manley urges that without a proper instruction on the burden of proof, the jury was more likely to consider and give weight to the extraneous offenses. He points out that the prosecutors called the jury's attention to his criminal record during their opening and closing arguments, and made specific reference to his misdemeanor convictions for assaulting his wife. On the other hand, Manley did not deny his guilt or otherwise challenge any of the extraneous offense evidence. *Cf. Ellison v. State*, 97 S.W.3d 698, 701 (Tex. App.—Texarkana 2003, no pet.) (omission of burden of proof instruction egregiously harmful when commission of extraneous acts was disputed). With respect to the previous assault convictions, it also must be remembered that they were not mere unadjudicated allegations and that Manley's guilt had been proven beyond a reasonable doubt in earlier trials. Moreover, the jury could consider the testimony describing Manley's behavior toward his wife and the officers on the night of the disturbance that led to his conviction in this cause. Finally, because Manley pleaded true to the enhancement allegations, the jury was properly instructed to find that he had been previously convicted for attempted robbery, sexual battery, grand theft, possession of criminal tools, and robbery. These convictions were for offenses more serious than the extraneous offenses to which the burden of proof instruction would have applied.

3

Under the circumstances, we conclude that the court's failure to instruct the jury regarding the State's burden of proof at the punishment stage did not cause Manley egregious harm and had little, if any, effect on the punishment assessed. We therefore overrule the point of error and affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   September 11, 2003

Do Not Publish