Dismissed and Memorandum Opinion filed March 2, 2004













Dismissed and Memorandum
Opinion filed March 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00198-CR

____________

 

ROBERT LOUIS BARNES, JR., Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

____________________________________________

 

On Appeal from
the 182nd District

Harris County, Texas

Trial Court
Cause No. 834,305

 

____________________________________________

 

M E M O R A
N D U M   O P I N I O N

            This is an appeal from appellant’s
conviction for aggravated assault following an adjudication of guilt after
violations of the terms and conditions of appellant’s community
supervision.  As a threshold matter, we
must decide whether this court has jurisdiction to hear appellant’s claim that
the evidence is insufficient to prove two enhancement paragraphs.  We have determined that, because the order
deferring adjudication of guilt reflects appellant’s plea of true to the
enhancement paragraphs at that time, this court does not have appellate
jurisdiction and, therefore, we dismiss this appeal for lack of jurisdiction. 








 

I.  Factual
and Procedural Background

            Appellant was charged by indictment
with the felony offense of aggravated assault for threatening his wife with
imminent bodily injury by using and exhibiting a deadly weapon, namely a
knife.  See Tex. Pen. Code Ann.
§§ 22.01, 22.02 (Vernon 2003 & Supp. 2004). 
The indictment contained two enhancement paragraphs, one for appellant’s
1972 felony conviction for robbery and the other for appellant’s 1976 felony
conviction for burglary.  After closing
arguments in a bench trial, according to the record, appellant pleaded no
contest in open court without an agreed punishment recommendation from the
State, and waived a court reporter.  The
trial court deferred adjudication of guilt and placed appellant on community
supervision for ten years and imposed a fine of $500.  The order deferring adjudication of guilt
reflects that appellant pleaded true to the enhancement paragraphs and that the
trial court found them to be true. 

            The State filed a motion to
adjudicate guilt in March of 2002, citing several violations of the terms and
conditions of appellant’s community supervision.  At the hearing on the motion, appellant
pleaded “true” to all of the State’s allegations.  The trial court found each of the allegations
true.  Addressing the enhancement
paragraphs, the trial court stated twice that appellant previously had entered
pleas of “true” to each of the offenses.[1]  Defense counsel requested the trial court
find only one of the enhancement paragraphs true to reduce appellant’s
sentence.  On the record, the trial court
found the enhancement paragraphs true and assessed punishment at twenty-five
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division.[2]    

II.  Issue
Presented

            In his sole issue, appellant
contends the trial court erred in its assessment of punishment at twenty-five
years’ confinement because the evidence is insufficient to prove the two
enhancement allegations.  Specifically,
appellant argues the record does not contain evidence that he signed a
stipulation or pleaded true to the two enhancement paragraphs nor did the State
offer a penitentiary packet to prove the two convictions.

III.  Analysis
and Discussion

            Although neither party has raised
the issue, we must first determine whether this court has jurisdiction to
consider this matter on appeal.  

            A defendant placed on
deferred-adjudication community supervision may raise issues relating to the
original plea proceeding only in appeals taken when deferred-adjudication
community supervision is first imposed.[3]  See
Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (finding no
jurisdiction when appellant argued after adjudication of guilt that evidence
from original proceeding was insufficient to substantiate his guilt).  In Hardeman
v. State, on appeal after the adjudication of guilt, the appellant
contended, among other things, that the evidence was insufficient to support
the trial court’s findings on two enhancement paragraphs.  See
Hardeman v. State, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999).  The appellant had stipulated to the two
enhancement paragraphs at the time the trial court deferred adjudication.  See id.
at 690.  Citing Manuel v. State, the Texas Court of 

 class=Section3>

Criminal
Appeals held that the court of appeals was correct in determining it lacked
jurisdiction over this claim.  See id. at 691.  

            Similarly, in this case, appellant
contends the evidence is insufficient to prove the two enhancement paragraphs
in the indictment.  Both the order
deferring adjudication and the trial court’s statements at the hearing to
adjudicate guilt indicate that appellant pleaded true to the enhancement
paragraphs at the time the trial court imposed deferred adjudication.  There is no material difference between the
facts of this case and those in Hardeman.  See
Hardeman, 1 S.W.3d at 691.  Under Hardeman, this court lacks appellate
jurisdiction.  

            Accordingly, we dismiss appellant’s
appeal for want of jurisdiction.[4] 

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 2, 2004.

Panel consists
of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).











            [1]  The record reflects the following exchange
during the hearing on the motion to adjudicate guilt:

                        

The Court:  You have previously entered
pleas of true to each of the enhancement paragraphs.  Before I make any rulings on those or
findings, any punishment evidence that the State wants to offer?

            Prosecutor:  No, Your Honor.

            The Court:  Any punishment evidence that the Defense
wants to offer?

Defense Counsel:  Your Honor, just the fact that
we’re asking you to find one of the enhancement paragraphs not true.

. . . 

 

The Court: [O]n your previous pleas of true to the enhancement paragraphs I will
find each of those true and I will assess your punishment at the minimum of 25
years [sic] confinement in prison.

 





            [2]  The judgment adjudicating guilt does not
reflect appellant’s plea of “true” to the enhancement paragraphs or the trial
court’s finding of “true.”





            [3]  The Texas Court of Criminal Appeals has
recognized a “void judgment” exception to this general rule.  Nix v.
State, 65 S.W.3d 664, 667–68 (Tex.
Crim. App. 2001).  However, appellant
does not contend that the order deferring adjudication is void.  





            [4]  Even if this court considered appellant’s
claim, his contention lacks merit.  A
defendant’s plea of “true” to an enhancement paragraph will satisfy the State’s
burden of proof for enhancement allegations. 
Wilson
v. State, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984).  Because a plea of “true” is sufficient, the
fact that appellant entered a plea of “true” must be affirmatively reflected by
evidence in the record.  See id.  
Appellant did not overcome the presumption of regularity in the order
deferring adjudication of guilt reflecting that appellant pleaded true to the
enhancement paragraphs.  See Breazeale
v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh’g)
(concluding that although record did not include document showing formal waiver
of trial by jury, appellants did not overcome presumption of truth of recital
in judgment that they did waive right to jury). 
Moreover, appellant placed his initials beside a paragraph in a document
entitled “For Plea: Admonishments, Statements, and Waivers For Offenses” that
indicated appellant is a habitual offender and, if convicted, would receive a
term of life or any term of not more than 99 years or less than 25 years’
confinement.  Appellant also testified at
the hearing on the motion to adjudicate guilt that he understood his punishment
could be from 25 years’ confinement to a life sentence.  If appellant had not pleaded true to the
enhancement paragraphs, it seems unusual that he would indicate both orally and
in writing that this sentencing range applied.