COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-001-CR

 

 

PATRICK DALE MALONEY                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On October 5, 2004, Appellant
Patrick Dale Maloney pled guilty to manufacture of a controlled substance, and
pled true to two enhancement paragraphs that alleged he had felony convictions
in 1989 for possession of a controlled substance and in 1995 for possession
with intent to manufacture a controlled substance.  Pursuant to a plea bargain agreement, the
trial court placed Appellant on ten years= deferred adjudication community supervision for the offense of
manufacture of a controlled substance. 
The State subsequently filed a motion to proceed with adjudication of
guilt, asserting that Appellant had violated the conditions of his community
supervision.  After a hearing, the trial
court adjudged Appellant guilty of manufacture of a controlled substance and
sentenced him to forty years= confinement.

In two points, Appellant
asserts that the trial court abused its discretion at the adjudication hearing
in considering evidence of misconduct that allegedly predated the period of
community supervision, and that the evidence is insufficient to support a
finding that the two enhancement allegations were true.  We affirm.

                         EVIDENCE AT ADJUDICATION HEARING 








In his second point,
Appellant complains of evidence that was considered by the trial court during
the hearing to determine whether to proceed with an adjudication of Appellant=s guilt.  Appellant acknowledges
that article 42.12, section 5(b) of the Texas Code of Criminal Procedure limits
the right of appeal in cases involving deferred adjudication.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2006) (AThe defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  No appeal may be taken from this
determination.@); Davis
v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant
to article 42.12, section 5(b), courts of appeals do not have jurisdiction to
consider claims relating to the trial court=s determination to proceed with an adjudication of guilt on the
original charge).  However, Appellant
argues that the Due Process Clause of the United States Constitution and the
Texas Rules of Evidence should still guide the trial court in a hearing to
determine whether to proceed with an adjudication of guilt.  See U.S. Const. amend. XIV; Tex.
R. Evid. 404.

We recently determined that
the statutory denial of the right to appeal as set forth in article 42.12,
section 5(b) is not facially unconstitutional. 
See Whitney v. State, 190 S.W.3d 786, 787 (Tex. App.CFort Worth 2006, no pet.); Trevino v. State, 164 S.W.3d 464,
464 (Tex. App.CFort Worth
2005, no pet.).  Because article 42.12,
section 5(b) bars an appeal from the trial court's determination to proceed
with an adjudication of guilt, including the trial court=s evidentiary rulings related thereto, we dismiss Appellant=s second point. 

                               ENHANCEMENT ALLEGATIONS








In his first point, Appellant
contends the evidence is insufficient to support a finding of true to the two
enhancement allegations.  At the
conclusion of the adjudication hearing on November 18, 2005, the trial court
found Appellant guilty and ordered preparation of a presentence investigation
report (PSI).  At the November 22, 2005
punishment hearing, the court and parties indicated they had all reviewed the
PSI.  The court then revoked Appellant=s community supervision, found Appellant guilty of the offense of
manufacture of a controlled substance, and found the allegations in the two
enhancement paragraphs to be true.

Appellant asserts that at the
punishment hearing the court had an obligation to require Appellant to plead
true or not true to the two enhancement allegations, or the State was required
to introduce evidence to establish the enhancement allegations.  We disagree.








When Appellant pled guilty on
October 5, 2004, he and his attorney 
signed a AGuilty Plea
Memorandum@ in which
Appellant stipulated to the evidence and waived his right to confront witnesses
and to have a court reporter present at his plea hearing.  The memorandum also contained a Sworn
Judicial Confession, which Appellant signed. 
In this judicial confession, Appellant swore that he had read and
discussed with his attorney the charging instrument against him in this case,
he understood everything it contained, and Aany enhancement and habitual allegations set forth in the charging
instrument are true and correct except those waived by the State.@[2]  The trial court=s October 5, 2004 judgment placing Appellant on deferred adjudication
community supervision states that Appellant pled guilty to the primary offense
and true to the enhancement paragraphs.

We find the case of Wilson
v. State, relied upon by Appellant, to be distinguishable because that case
involved a completely different procedural situation. 671 S.W.2d 524 (Tex.
Crim. App. 1984).  In Wilson, the
appellant appealed immediately following a jury trial.  Id. at 525.  The court of criminal appeals held that the
record contained no plea to the enhancement allegation and the State presented
insufficient proof to establish the enhancement allegation.  Id. at 526.  In the instant case, Appellant is not
appealing directly from the trial court=s judgment placing him on deferred adjudication community
supervision.  Rather, he appeals from the
court=s subsequent determination to proceed to adjudication of guilt and
punishment hearing.








We find no authority
supporting Appellant=s proposition
that at the punishment hearing on November 22, 2005, the trial court was
required to  again ask Appellant whether
he pled true or not true to the two enhancement allegations.  Appellant had already judicially confessed
that the enhancement allegations were true, as evidenced by the trial court=s judgment and the written Guilty Plea Memorandum signed by
Appellant.  At the November 22, 2005
punishment hearing, no additional arraignment was necessary on these enhancement
allegations, and the State was not required to present further proof regarding
the enhancement allegations.[3]  We overrule Appellant=s first point.

                                           CONCLUSION

Having overruled Appellant=s first point and dismissed his second point, we affirm the judgment
of the trial court.

 

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 19, 2006

 











[1]See Tex. R.
App. P. 47.4.

 





[2]The State did not waive either of
the enhancement allegations.  We note
that AExhibit A@ to the memorandum recites the
punishment range for the primary drug offense Awith two enhancement paragraphs.@ 
Both Appellant and his attorney initialed this exhibit.





[3]See also Tex.
R. App. P. 44.2(c) (unless disputed in the trial court or record
affirmatively shows the contrary, court of appeals must presume the defendant
was arraigned and pleaded to the indictment).