COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-001-CR

PATRICK DALE MALONEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 5, 2004, Appellant Patrick Dale Maloney pled guilty to manufacture of a controlled substance, and pled true to two enhancement paragraphs that alleged he had felony convictions in 1989 for possession of a controlled substance and in 1995 for possession with intent to manufacture a controlled substance.  Pursuant to a plea bargain agreement, the trial court placed Appellant on ten years’ deferred adjudication community supervision for the offense of manufacture of a controlled substance.  The State subsequently filed a motion to proceed with adjudication of guilt, asserting that Appellant had violated the conditions of his community supervision.  After a hearing, the trial court adjudged Appellant guilty of manufacture of a controlled substance and sentenced him to forty years’ confinement.

In two points, Appellant asserts that the trial court abused its discretion at the adjudication hearing in considering evidence of misconduct that allegedly predated the period of community supervision, and that the evidence is insufficient to support a finding that the two enhancement allegations were true.  We affirm.

EVIDENCE AT ADJUDICATION HEARING
 

In his second point, Appellant complains of evidence that was considered by the trial court during the hearing to determine whether to proceed with an adjudication of Appellant’s guilt.  Appellant acknowledges that article 42.12, section 5(b) of the Texas Code of Criminal Procedure limits the right of appeal in cases involving deferred adjudication.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an a
djudication of guilt on the original charge.  No appeal may be taken from this determination.”)
;
 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (holding that pursuant to article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating to the trial court’s determination to proceed with an adjudication of guilt on the original charge).  However, Appellant argues that the Due Process Clause of the United States Constitution and the Texas Rules of Evidence should still guide the trial court in a hearing to determine whether to proceed with an adjudication of guilt.  
See
 U.S. 
Const
. amend. XIV; 
Tex. R. Evid.
 404.

We recently determined that the statutory denial of the right to appeal as set forth in article 42.12, section 5(b) is not facially unconstitutional.  
See
 
Whitney v. State
, 190 S.W.3d 786, 787 (Tex. App.—Fort Worth 2006, no pet.); 
Trevino v. State
, 164 S.W.3d 464, 464 (Tex. App.—Fort Worth 2005, no pet.).  Because article 42.12, section 5(b) bars an appeal from the trial court's determination to proceed with an adjudication of guilt, including the trial court’s evidentiary rulings related thereto, we dismiss Appellant’s second point. 

ENHANCEMENT ALLEGATIONS

In his first point, Appellant contends the evidence is insufficient to support a finding of true to the two enhancement allegations.  At the conclusion of the adjudication hearing on November 18, 2005, the trial court found Appellant guilty and ordered preparation of a presentence investigation report (PSI).  At the November 22, 2005 punishment hearing, the court and parties indicated they had all reviewed the PSI.  The court then revoked Appellant’s community supervision, found Appellant guilty of the offense of manufacture of a controlled substance, and found the allegations in the two enhancement paragraphs to be true.

Appellant asserts that at the punishment hearing the court had an obligation to require Appellant to plead true or not true to the two enhancement allegations, or the State was required to introduce evidence to establish the enhancement allegations.  We disagree.

When Appellant pled guilty on October 5, 2004, he and his attorney  signed a “Guilty Plea Memorandum” in which Appellant stipulated to the evidence and waived his right to confront witnesses and to have a court reporter present at his plea hearing.  The memorandum also contained a Sworn Judicial Confession, which Appellant signed.  In this judicial confession, Appellant swore that he had read and discussed with his attorney the charging instrument against him in this case, he understood everything it contained, and “any enhancement and habitual allegations set forth in the charging instrument are true and correct except those waived by the State.”
(footnote: 2)  The trial court’s October 5, 2004 judgment placing Appellant on deferred adjudication community supervision states that Appellant pled guilty to the primary offense and true to the enhancement paragraphs.

We find the case of 
Wilson v. State
, relied upon by Appellant, to be distinguishable because that case involved a completely different procedural situation. 671 S.W.2d 524 (Tex. Crim. App. 1984).  In 
Wilson, 
the appellant appealed immediately following a jury trial.  
Id.
 at 525.  The court of criminal appeals held that the record contained no plea to the enhancement allegation and the State presented insufficient proof to establish the enhancement allegation.  
Id.
 at 526.  In the instant case, Appellant is not appealing directly from the trial court’s judgment placing him on deferred adjudication community supervision.  Rather, he appeals from the court’s subsequent determination to proceed to adjudication of guilt and punishment hearing.

We find no authority supporting Appellant’s proposition that at the punishment hearing on November 22, 2005, the trial court was required to  again ask Appellant whether he pled true or not true to the two enhancement allegations.  Appellant had already judicially confessed that the enhancement allegations were true, as evidenced by the trial court’s judgment and the written Guilty Plea Memorandum signed by Appellant.  At the November 22, 2005 punishment hearing, no additional arraignment was necessary on these enhancement allegations, and the State was not required to present further proof regarding the enhancement allegations.
(footnote: 3)  We overrule Appellant’s first point.

CONCLUSION

Having overruled Appellant’s first point and dismissed his second point, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 19, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The State did not waive either of the enhancement allegations.  We note that “Exhibit A” to the memorandum recites the punishment range for the primary drug offense “with two enhancement paragraphs.”  Both Appellant and his attorney initialed this exhibit.

3:
See also
 
Tex. R. App. P.
 44.2(c) (unless disputed in the trial court or record affirmatively shows the contrary, court of appeals must presume the defendant was arraigned and pleaded to the indictment).