**Affirmed and Opinion filed December 20, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

## NO. 14-10-00960-CR

———————————

**JAMES SMITH, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1147159**

---

## OPINION

Appellant pled guilty to assault - family violence. In accordance with the terms of a plea bargain agreement, the trial judge deferred adjudication of guilt and placed appellant on community supervision for a period of four years. Subsequently, the State filed a motion to adjudicate guilt. After a hearing, the trial court found appellant guilty and assessed punishment at confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's only issue on appeal asserts the trial court erred in sentencing him outside the range of punishment. Appellant was sentenced as a habitual felony offender.

*See* Tex. Pen. Code § 12.42(d) (West 2011). Under section 12.42(d), it must be shown the defendant has previously been finally convicted of two felony offenses, and "the second previous felony conviction [was] for an offense that occurred subsequent to the first previous conviction having become final." *Id.* Appellant claims that, in his original plea proceeding, the trial court erred in finding the second enhancement paragraph true because it refers to the wrong cause number when it references the first previous felony conviction. Therefore, appellant argues, the State failed to establish the first previous conviction was final when the offense giving rise to the second previous conviction occurred.

According to the order of deferred adjudication and his brief, appellant entered a plea of "true" to both enhancement paragraphs. A plea of true constitutes evidence and is sufficient proof, standing alone, to satisfy the State's burden of proof on an enhancement allegation. *See Wilson v. State,* 671 S.W.2d 524, 526 (Tex. Crim. App. 1984).

Furthermore, it is the general rule that a defendant who is placed on deferred adjudication may only raise issues relating to the original proceeding in an appeal taken when deferred adjudication probation is first imposed. *Manual v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999). Such issues may not be raised in an appeal from an order revoking probation and adjudicating guilt. *Id.* An exception arises when the trial court had no power to render judgment. *See Nix v. State,* 65 S.W.3d 664, 668 (Tex.Crim.App.2001) (judgment of conviction is void when (1) the charging instrument does not satisfy the constitutional requisites of a charging instrument; (2) the trial court lacks subject matter jurisdiction over the offense charged; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face trial without appointed counsel). Under the facts of this case, the void judgment exception does not apply.

2

Here, appellant could have appealed from the order placing him on deferred adjudication which contained the finding of true to the second enhancement paragraph. Instead, he waited until after his community supervision was revoked and adjudication of guilt formally made. Thus, he waived his argument. *See Manuel*, 994 S.W.2d at 661-62.

For these reasons, appellant's issue is overruled and the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

3