

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00269-CR
_____

GARY DWON GAFFNEY, II, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 16,001

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gary Dwon Gaffney, II, was convicted of attempted burglary of a habitation[1] and was sentenced to twenty years' incarceration after his punishment range was enhanced by a prior conviction. Because we find (1) the evidence is legally sufficient to support Gaffney's conviction, and (2) the evidence is legally sufficient to support Gaffney's plea of true to the enhancement allegation, we affirm the judgment of the trial court.

## I. Legally Sufficient Evidence Supports the Conviction

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

---

[1] *See* TEX. PENAL CODE ANN. §§ 15.01(a), 30.02(a) (West 2011).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

At trial, John Pittman testified that while sitting on his front porch on an early August morning, he saw a small, unfamiliar SUV parked in front of his neighbor, Tabitha Hall's, house.[2] Pittman observed Gaffney emerge from the SUV and knock on both the front and carport doors of the home. After he received no response, Gaffney walked to the back of the house. Pittman then observed Gaffney return from the back of the house and walk to the carport, where he picked up an object from the ground. When Gaffney walked to the back of the house with the object in his hand, Pittman decided to see "what was going on." Pittman drove the short distance to Hall's residence, parked his car behind Gaffney's, and walked to the back of the house. There, he found Gaffney with a metal object in his hand breaking jagged edges from a broken window of the house. Pittman described the broken window as the most concealed window at the back of the residence. After making this observation, Pittman returned to the truck for his

---

[2]Pittman owns Hall's residence and rents it to her. Pittman observed these events from the porch of his home, located approximately 125 yards from the Hall residence.

3

gun, and held Gaffney at gunpoint until the East Mountain police arrived at the scene to take Gaffney into custody.

While Gaffney claimed there was a dog in the house that belonged to him, no dog was located in the residence.

Hall testified that when she left for work that morning, she locked the doors on her residence and the blinds were down on each of the windows. There were no vehicles parked at the residence, and there were no broken windows. When called home, Hall found glass from the broken window spread across the room, almost to the wall. The broken window was located at the back corner of the house, and could not be seen as well as the other windows. Hall does not know Gaffney, and he did not have permission to be at her home on the day in question.

Gaffney was charged with and found guilty of attempted burglary of a habitation, a third-degree felony. *See* TEX. PENAL CODE ANN. § 15.01(a); *see also* TEX. PENAL CODE ANN. § 30.02(a). The indictment alleged that on August 3, 2011, Gary Gaffney

> did then and there, with specific intent to commit Burglary of a Habitation, without the effective consent of TABITHA HALL, the owner thereof, by breaking a window from the habitation, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

In the present case, Gaffney appears to challenge only the element of intent to commit burglary of a habitation. Burglary of a habitation requires that a person enter a habitation with the intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1). Gaffney relies on *Gear v. State*, 340 S.W.3d 743 (Tex. Crim. App. 2011), in support of his

4

position. In that case, the high court determined that a fact-finder could reasonably find, beyond a reasonable doubt, that

> the recently unemployed appellant with about one dollar in his pocket intended to commit theft inside the complainant's home when he attempted to enter the home through the window that he had just broken and where the evidence also shows that appellant ran when interrupted by the complainant and that appellant gave conflicting and implausible explanations for his actions.

*Id.* at 747–48 (footnote omitted).

Gaffney maintains that unlike *Gear*, there was no evidence that (1) he was caught trying to enter the residence, (2) he attempted to flee, (3) he gave inconsistent statements regarding his presence at the home, or (4) that he was unemployed and had no money. While the evidence here does not precisely mirror the evidence in *Gear*, we believe the cumulative weight of the evidence is sufficient to establish intent. Here, it is apparent Gaffney used force to break the window in Hall's home after he determined the residence was unoccupied. Gaffney was found cleaning the broken edges of the window to make it smooth. A jury could reasonably infer, from this evidence, that Gaffney intended to enter the home and scraped the broken pieces of glass away so he would not be cut while entering the home. Further, the broken window was located at the back of the residence, where Gaffney was less likely to be seen. Gaffney's excuse for breaking the window was that his dog was inside the house. According to Pittman, there was nothing in the house that belonged to Gaffney.

True, Gaffney did not attempt to flee when he was discovered by Pittman. This ignores the fact, however, that Pittman was pointing a gun at Gaffney, holding him at bay.

5

Examining this evidence in the light most favorable to the jury's verdict, we find that the cumulative force of the incriminating circumstances is sufficient to support Gaffney's conviction for attempted burglary of a habitation.

## II.     Legally Sufficient Evidence Supports the Enhancement

Gaffney's conviction was enhanced from a third-degree felony to a second-degree felony, pursuant to Section 12.42(a) of the Texas Penal Code.  *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2011).   The State's notice of intention to seek enhancement of the range of punishment provides:

> And it is further presented in and to said Court, that prior to the commission of the offense in this cause (hereinafter called the "primary offense"), that on or about the 14th day of January, 2008, in cause number CF08451, in the 76th Judicial District Court of Titus County, Texas, the defendant was convicted of the felony offense of Unlawful Possession of a Firearm by a felon, a final felony conviction, and was sentenced to a term of confinement in the institutional division of the Texas Department of Corrections for a period of eight (8) years.

Gaffney entered a plea of true to the enhancement.  The judgment used for enhancement was offered and admitted into evidence, free of objection.

On appeal, Gaffney contends the evidence is legally insufficient to support the enhancement because the judgment of conviction was issued in Camp County rather than Titus County.  The date of conviction, the cause number, and the offense are identical in both the notice of intent to seek enhancement and the final judgment.  The sole variance is an incorrect listing of the county of conviction in the notice.

6

Whether this variance is viewed as a sufficiency of the evidence problem or as a notice-related problem, a variance that is not prejudicial to a defendant's substantial rights is immaterial. *Williams v. State*, 356 S.W.3d 508, 516 (Tex. App.—Texarkana 2011, pet. ref'd). Enhancement convictions need not be alleged with the same particularity necessary to charge the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). With the exception of the county where the conviction occurred, the allegations identifying the offense, the cause number, and the date are correct.[3] Further, there is no evidence in the record (1) that the variance on the enhancement notice prevented Gaffney from identifying the conviction and preparing a defense or (2) that the variance would subject Gaffney to the risk of being prosecuted later for the same crime. The variance in the county is not material.

Finally, Gaffney pled true to the enhancement conviction. A plea of true to an enhancement conviction is sufficient to satisfy the State's burden of proof. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). We overrule this point of error.

---

[3]The 76th Judicial District encompasses Camp, Titus, and Morris Counties. TEX. GOV'T CODE ANN. § 24.178(a) (West 2004).

## III. Conclusion

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     July 23, 2012
Date Decided:       July 26, 2012

Do Not Publish