AFFIRM; Opinion issued January 31, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00173-CR

## DAVID NEGUS COBOURN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F10-58452-I**

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Francis

David Negus Cobourn appeals his conviction for evading arrest or detention after having been convicted previously of the same offense. Appellant pleaded not guilty and requested a jury trial. After finding appellant guilty, the jury assessed punishment, enhanced by two prior convictions, at four years and six months in prison. In two issues, appellant claims the trial court erred by failing to admonish him on the range of possible punishments on pleas of true to enhancement allegations and the evidence is insufficient to connect him to the second prior conviction. We affirm.

In his first issue, appellant claims the trial court failed to admonish him on the applicable range of punishment on his pleas of true to the two enhancement paragraphs. He argues his pleas

were therefore involuntary and the error was not harmless because nothing in the record indicates he was aware of the punishment range.

The Texas Code of Criminal Procedure requires a trial court to admonish a defendant in a felony case on the applicable range of punishment before accepting a plea of guilty or nolo contendere; it does not, however, apply to a plea of true to an enhancement paragraph. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2012); *Sylvester v. State*, 615 S.W.2d 734, 736–37 (Tex. Crim. App. [Panel Op.] 1981). An admonishment on the punishment range for a plea of true is discretionary with the trial court and is not required under Texas law. *Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981) (op. on reh'g).

Appellant pleaded not guilty to the primary offense in this case; therefore, he was not given the admonishments associated with entering a guilty plea. After the jury found him guilty, appellant then pleaded true to the two enhancements. No error resulted from the trial court's failure to admonish appellant with respect to the punishment range associated with his pleas of true, and his pleas were not involuntary.

Furthermore, we note that, after appellant was arraigned, defense counsel informed the trial court appellant's request for a nine-month plea offer had been denied. The trial court replied, "Okay. And [the range is] 2 to 10?" Defense counsel responded that it was. And during voir dire, both defense counsel and the State referred to appellant's punishment range being potentially two to ten years because of the two prior felony conviction enhancements. Thus, appellant knew the enhanced range of punishment before pleading true to the enhancement paragraphs. We overrule appellant's first issue.

In his second issue, appellant claims the evidence is insufficient to connect him to the second prior conviction. Appellant argues the State was required to prove the second prior conviction

because his pleas of true were involuntary.

It is the State's burden to prove an alleged prior conviction was a final conviction and the defendant was the person previously convicted of that offense. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). If the defendant pleads true to the enhancement paragraph, the State's burden of proof is satisfied. *Id.*

Because appellant voluntarily pleaded true to the two enhancement paragraphs, the State's burden was met. Appellant's complaint to the contrary lacks merit. We overrule appellant's second issue.

We affirm the trial court's judgment.


/Molly Francis/
───────────────────
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110173F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID NEGUS COBOURN, Appellant

No. 05-11-00173-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F10-58452-I).
Opinion delivered by Justice Francis, Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 31, 2013.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE