

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00195-CR

_____

FREDERICK LANE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 38,837-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Frederick Lane Jones was convicted of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver[1] enhanced by the State's enhancement allegation[2] and was sentenced to forty years' imprisonment. On his appeal, Jones has raised two points of error:

(1) He claims that the evidence was not sufficient to support the finding of true to the enhancement allegation because "[t]he evidence of the enhancement allegation [wa]s insufficient to show [that] the [prior] conviction [wa]s final."

(2) He maintains that the trial court's judgment is void because it does not accurately reflect the oral pronouncement (i.e., that the written judgment reflects only that he was found guilty of possession of the drugs, but makes no mention of an intent to deliver the same) and does not reflect that Jones was found guilty of possession of the drugs with intent to deliver them.

We modify the judgment of conviction and affirm the judgment, as modified.

We note that Jones has gained some experience in this case, which is a bit out of the ordinary. He apparently intended to present his case to a jury, which was duly selected. After the selection of the jury, Jones failed to appear for trial. The jury was dismissed, and, after Jones was arrested once more, he entered an open plea of guilty to the offenses with which he was

---

[1]TEX. HEALTH AND SAFETY CODE ANN. § 481.115(d) (West 2010).

[2]TEX. PENAL CODE ANN. § 12.42 (West Supp. 2012).

charged and a plea of "true" to the enhancements. Thereafter, Jones was granted an out-of-time appeal by the Texas Court of Criminal Appeals.

## I.     Claim of Insufficiency of the Evidence

In his first point of error, Jones complains that the evidence is insufficient to establish a final conviction in the previous conviction, which was employed for the purpose of enhancement, despite the fact that he entered a plea of "true" to the State's enhancement allegation.[3]   However, his brief includes the following argument in regard to the previous offense:

> The judgment in the pen pack clearly shows the conviction in that case was appealed.  There is no documentary proof in the record that shows the result of the appeal, and, more importantly, the only evidence in the record that suggests the judgment for that conviction was affirmed is the stipulation (State's Exhibit 1) and the Appellant's testimony that he believed the judgment was final.

Indeed, the judgment adjudicating guilt in that previous case had been stamped with "This case is on appeal."

However, the trial court examined the finality of the conviction used to enhance Jones' sentence as evidenced in this exchange:

> THE COURT:  . . . . Mr. Jones, your conviction for forgery was appealed, but I'm assuming the appellate court denied your appeal or affirmed the conviction?
>
> THE DEFENDANT: Yes, sir.  That's the reason they gave me the 10 years in prison.
>
> THE COURT:  You -- you lived out -- so you served your sentence, and they did not reverse the conviction, is that correct?

---

[3]Jones also testified about his prior felony conviction.

3

THE DEFENDANT: Yeah. I completed the whole sentence.

. . . .

THE COURT: The judgment does say this case is on appeal, so I'm just making sure that it was a final conviction and that all parties agree to that.

MR. NOVY: I understand.

THE DEFENDANT: When it first happened, I appealed it. And then they -- they made me come back to court, and then they sent me to prison. I came back from prison, and I did the rest of the time on the streets. And I've completed the whole sentence.

THE COURT: So you didn't have to go to prison until your appeal was finished; is that correct?

THE DEFENDANT: I believe so.

THE COURT: Okay. All right. Just making sure the parties agree it's a final conviction.

In its pronouncement, the court specifically found that the conviction supporting the State's enhancement was "a final conviction." A stipulation of evidence, in which Jones stipulated "that he was finally convicted" in the case used to enhance his punishment, was admitted into evidence.

Jones' entry into the stipulation and his plea of "true" to the enhancement allegation "constituted sufficient evidence to support the finality of the enhancement allegations." *Adair v. State*, 336 S.W.3d 680, 694–95 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) (holding that plea of true will satisfy State's burden of proof for enhancement allegations)). Accordingly, we overrule Jones' point of error claiming an insufficiency of the evidence.

4

## II.     Claimed Invalidity of Judgment

The signed judgment reflects that Jones entered a plea of "true" to the State's enhancement allegation and that Jones was sentenced to forty years' imprisonment. On appeal, Jones argues that the trial court's judgment is void because, although he pled guilty to possession of four grams or more but less than 200 grams of cocaine with intent to deliver and the trial court's oral pronouncement reflected a finding of guilty based on the plea, the written judgment does not correspond to the oral pronouncement. Jones asserts that this incongruity renders the eventual judgment void.

In an open plea, Jones pled guilty to paragraph A of the indictment which charged him with possession of a controlled substance with the intention to deliver it.[4] He testified that he was going to "smoke some of it and share some of it" "and just party with friends." The judge discussed the street value of the illicit drugs found in Jones' possession and told Jones it was difficult for him to believe that the twenty-seven grams of cocaine (the amount proven to have been in his possession) were all only "for [his] personal use and sharing." The trial court entered an oral pronouncement wherein it found Jones "guilty of possession of a controlled substance with intent to deliver under Paragraph A of the Indictment." A written stipulation of evidence (which contained an admission by Jones that he had possessed cocaine with an intent to deliver it, as alleged in paragraph A) was admitted into evidence. Jones takes the position that the judgment is void because he pled guilty to possession of a controlled substance with intent to deliver, and the written judgment lists the offense only as the possession of a controlled

---

[4]Paragraph B of the indictment alleged possession without intent to deliver.

substance (omitting the intent to deliver). During the oral pronouncement, the trial court found that Jones possessed the intent to deliver based on his plea to paragraph A of the State's indictment.

Where there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). This does not mean that Jones' conviction is void. The Texas Rules of Appellate Procedure give this Court authority to reform judgments to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Therefore, we will take the action we are permitted to take and modify the written judgment. In doing this, we also overrule Jones' second point of error.

We modify the judgment to reflect the trial court's oral pronouncement wherein it found Jones guilty of possession of four grams or more but less than 200 grams of cocaine with intent to deliver.

We also note that the judgment is additionally erroneous in its recitation that the "Term . . . of Plea Bargain" was "Forty (40) Years . . . TDCJ." This is an inaccurate statement because Jones' plea was entered as an open plea and not as the result of a plea agreement. Because there was no plea agreement in this case, we further modify the judgment to remove the language reflecting that the matter was submitted to the trial court as the result of a plea agreement.

6

We affirm the judgment, as modified.


Bailey C. Moseley
Justice

Date Submitted:     May 8, 2013
Date Decided:       May 9, 2013

Do Not Publish