**Billy Ralph HOWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41268.**

Court of Criminal Appeals of Texas.

June 12, 1968.

David A. Gibson, 77002 (On Appeal), Jerry D. Davis, Houston (On Appeal), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen L. Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary, a prior conviction for burglary being alleged for enhancement (Art. 62 P.C.).

Trial was before a jury on a plea of not guilty. The jury having found him guilty, appellant elected to have the court assess the punishment.

■ The record on appeal, in light of which the trial court decided from the brief that appellant should not be granted a new trial reflects no evidence or stipulation to support the enhancement of punishment allegation.

The docket sheet reflects the following entry:

"The defendant in open court elected to have the court consider the evidence regarding the enhancement count and punishment. After hearing the stipulation that the defendant was the same person previously convicted, the court assessed punishment at 12 yrs. TDC."

The judgment recites that the defendant "is the same person previously convicted as alleged in the indictment for enhancement of punishment, and that he be punished by confinement in the Texas Department of Corrections for 12 years."

The sentence recites that appellant, who had been adjudged to be guilty of burglary, a felony, "and whose punishment, by virtue of his having previously been convicted of a felony offense, has been assessed at confinement in the Texas Department of Corrections for 12 years" and directs his confinement for 12 years.

The grounds of error set forth in appellant's brief filed in the trial court complain of the insufficiency of the docket entry as a stipulation, and the insufficiency of the evidence to support the enhancement of punishment allegation in the indictment.

The brief points out that a prior conviction for burglary was proved for impeachment purposes at the trial before the jury, but the evidence in regard thereto is not sufficient to identify such conviction as that alleged in the indictment for enhancement purposes.

■ We express the view that the trial court should have reformed the judgment and sentence and applied the indeterminate sentence law to the punishment he assessed or should have seen that the stipulation upon which he made his finding as to the prior conviction alleged for enhancement was included in the record on appeal furnished the indigent appellant.

■ The relief sought by appellant is the reformation of the judgment and sentence pursuant to Art. 44.24 Vernon's Ann.C.C.P., so that the indeterminate sentence law (Art. 42.09 Vernon's Ann.C.C.P.) may be applied.

The relief is granted. The judgment and sentence are reformed so as to eliminate references to the prior conviction alleged for enhancement and the sentence is re-

formed to provide that appellant be confined for not less than 2 nor more than 12 years in the Texas Department of Corrections.

As reformed, the judgment is affirmed.