ACCEPTED
03-14-00707-CR
5432595
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/27/2015 12:48:07 PM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS
## STATE OF TEXAS

| | | |
|---|---|---|
| DEVIN SIMMONS, | ) | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| Appellant, | ) | 5/27/2015 12:48:07 PM |
| | ) | Trial Court Cause No. 71988 JEFFREY D. KYLE<br>Clerk |
| vs. | ) | COA No. 03-14-00707-CR |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Appellee. | ) | |
| | ) | |

_____

## A DIRECT APPEAL OF A CRIMINAL CASE FROM THE 264TH JUDICIAL DISTRICT COURT OF BELL COUNTY, TEXAS

_____

### APPELLANT'S OPENING BRIEF

BROWNSTONE, P.A.
ROBERT L. SIRIANNI, JR.
Texas Bar No. 24086378
201 N. New York Ave. Suite 200
P.O. Box 2047
Winter Park, FL 32790-2047
Telephone: (407) 388-1900
Facsimile: (407) 622-1511
Robert@brownstonelaw.com
*Attorney for Appellant*

i

## IDENTITY OF THE PARTIES AND COUNSEL

As required by Texas Rule of Appellate Procedure 38.1(a), the following are parties and counsel to the trial court's judgment:

1.  Mr. Devin Simmons: Defendant-Appellant, currently incarcerated in Ferguson Correctional Institution.

2.  Mr. Michael F. White: Trial Counsel for the Defendant-Appellant, 100 Kasberg Drive, Suite A9 Temple, Texas 76502.

3.  Terry E. Clark: Assistant District Attorney, 1201 Huey Road, P O Box 540 Belton, Texas 76513-0540.

4.  The Honorable Martha J. Trudo: Trial Court Justice

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL.................................................................ii

TABLE OF CONTENTS................................................................................................iii

TABLE OF AUTHORITIES ..........................................................................................iv

PRELIMINARY STATEMENT......................................................................................1

STATEMENT OF THE CASE........................................................................................1

    A. Nature of the Case...............................................................................................1

    B. Course of Proceedings and Disposition Below ................................................2

STATEMENT REGARDING ORAL ARGUMENT......................................................3

ISSUES PRESENTED....................................................................................................3

SUMMARY OF THE ARGUMENT .............................................................................4

STATEMENT OF FACTS .............................................................................................6

ARGUMENT..................................................................................................................9

I.      THE PLEA OF TRUE TO PRIOR CONVICTIONS WAS NOT  KNOWING AND INTELLIGENT....................................................................................................................9

II.    THE STATE FAILED TO PRESENT EVIDENCE SUFFICIENT TO  PROVE THE ENHANCEMENT ALLEGATION BECAUSE THE  DEFENDANT NEVER PLED THAT EITHER OF THE PREVIOUS  CONVICTIONS WERE FINAL. ............................................12

III.   THE SENTENCE OF 45 YEARS VIOLATES THE  CONSTITUTIONAL  PROHIBITION AGAINST CRUEL AND  UNUSUAL PUNISHMENT  BECAUSE IT IS DISPORPORTIONATE  TO THE CRIME COMMITED. ................................................17

IV.   THE COURT ERRED BY ALLOWING THE APPELLANT'S WIFE  TO INVOKE HER FIFTH AMENDMENT RIGHT TO TESTIFY  AFTER MAKING INCRIMINATING STATEMENTS ON THE WITNESS  STAND. ...............................................................19

PRAYER FOR RELIEF ...............................................................................................23

CERTIFICATE OF COMPLIANCE............................................................................23

CERTIFICATE OF SERVICE .....................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Augusta v. State*, 639 S.W. 2d 481, 484 (Tex. Cr. App. 1982) ...................................................... 12

*Beal v. State,* 91 S.W.3d 794, 796 (Tex.Crim.App.2002) ............................................................ 12

*Calhoun v. State*, 214 S.W. 335 (Tex. Crim. App. 1919) ............................................................. 17

*Casel v. State*, No. 07-12-0106-CR, MEMORANDUM, 2012 WL 4210419 (Tex. App. -

    Amarillo, 9/20/12) ...................................................................................................................... 13

*Crawford v. Washington,* 541 U.S. 36, 51 124 S. Ct. 1354, 158 L.Ed. 2d 177 (2004) ................ 20

*De La Paz v. State*, 273 S.W. 3d 671, 680 (Tex. Crim. App. 2008) .............................................. 20

*Dinn v State*, 570 S.W. 2d 910, 915 (Tex. Cr. App. 1978) ............................................................ 13

*Ex Parte Chavez*, 213 S.W. 3d 320, 323-24 (Tex. Crim. App. 2006) ........................................... 18

*Griffin v. State*, 703 S.W.2d 193, 196–97 (Tex. Crim. App. 1986) .......................................... 9, 12

*Harvey v. State*, 611 S.W. 2d 108, 111 (Tex. Cr. App. 1981) ................................................. 12, 13

*Howard v. State*, 429 S.W. 2d 155 (Tex. Cr. App. 1968) .............................................................. 13

*In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 961 (S.D. Tex. 2010) . 20

*Jordan v. State*, 495 S.W. 2d 949, 952 (Tex. Crim. App. 1973) ................................................... 17

*McCarthy v. Arndstein,* 262 U.S. 355, 358–59, 43 S.Ct. 562, 67 L.Ed. 1023 (1923) .................. 20

*Miles v. State*, 357 S.W. 3d 629, 634 (Tex. Crim. App. 2011) ................................................. 9, 12

*Nabors v. State*, No. 12-00-00371-CR, 2002 WL 1362470, at *9 (Tex. App. June 21, 2002) ..... 15

*Rogers v. U.S.,* 340 U.S. 367, 373–74, 71 S.Ct. 438, 95 L.Ed. 344 (1951) .................................. 21

*Tex. Pen. Code* § 12.32 (a) ............................................................................................................ 18

*Texas Penal Code* § 12.42 (4)(a) ........................................................................................ 12, 16, 18

Texas Rule of Appellate Procedure 25.2(a)(2) ............................................ 1

*VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007) ............................................ 9

*Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) ............................................ 13

**Statutes**

Pursuant to Texas Rule of Appellate Procedure 26.2 ............................................ 1

Tex. Code Crim. Proc. Ann. art. 26.13(c) ............................................ 6

Tex. Code. Crim. Proc. art 26.13 (a)(1) ............................................ 6

Tex. R. App. P. 44.2(b) ............................................ 6

Texas Rule of Appellate Procedure 9.4(i)(1) ............................................ 21

**Constitutional Provisions**

Article 1, Section 13 of the Texas Constitution ............................................ 14

Eighth Amendment to the United States Constitution ............................................ 14

United States Constitution, Amendment VI. ............................................ 16

## PRELIMINARY STATEMENT

In this Opening Brief, the Appellant, Devin Simmons, will be referred to as "Defendant" or "Appellant." The Appellee, the State of Texas, will be referred to as the "State" or the "Appellee." The presiding trial judge, the Honorable Martha J. Trudo, will be referred to as the "Trial Court." Citations to the Clerk's Record will be abbreviated as "CR" followed by the appropriate page number. Citations to the Reporter's Record will be abbreviated as "RR" followed by the appropriate volume and page number.

This Court has jurisdiction over the instant appeal pursuant to Article V of the Texas Constitution, Texas Rule of Appellate Procedure 25.2(a)(2) and Texas Code of Criminal Procedure Annotated Article 44.02. Pursuant to Texas Rule of Appellate Procedure 26.2, the Notice of Appeal in this case was timely filed, on November 20, 2014, within thirty days of November 20, 2014. (CR 122-123).

## STATEMENT OF THE CASE

### A. Nature of the Case

This is a direct appeal from a sentence imposed by the 264th Judicial District Court of Bell County, Texas. Appellant pled not guilty to a charge of aggravated robbery and was sentenced to forty five (45) years imprisonment. (RR Vol. 6 at 46).

1

## B. Course of Proceedings and Disposition Below

On or about October 16, 2013 a Grand Jury filed an Indictment, charging Appellant with Aggravated Robbery. (CR at 5). Paragraph I alleged that Appellant "did then and there, individually and as a party with Gini Lee Taylor, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly or recklessly cause bodily injury to Robert Patrick by shooting Robert Patrick with a firearm, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm." (CR at 5). Paragraph II alleged that Appellant had previously suffered a conviction for Burglary of a Habitation. (CR at 5). Finally, Paragraph III alleged that Appellant additionally suffered a prior conviction for Unlawful Possession of a Firearm by a Felon. (CR at 5).

Appellant was never asked by the trial court how he pled to the allegations set forth in Paragraph I of the Indictment, and Appellant simply stated that he wanted a jury trial when asked how he would like to proceed. (RR Vol. 2 at 10). At the conclusion of trial, Appellant was found guilty of the offense of aggravated robbery as charged in the indictment. (RR Vol. 5 at 94). The Appellant elected court sentencing and was sentenced by the trial court to 45 years imprisonment.

2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant submits the issues are sufficiently clear such that oral argument is not necessary.

## ISSUES PRESENTED

1.      Was the Appellant's plea of true to enhancement allegations in the Indictment knowing and intelligent when the trial court failed to properly admonish the Appellant of the sentencing consequences?

2.      Did the State fail to adequately prove the existence of the enhancement allegations when the defendant never pled that the enhancement allegations were true, when the State produced no evidence that the enhancement allegations were accurate, and when the Appellant never specifically pled that he was the same person as mentioned in the Indictment?

3.      Did the trial court violate the Appellant's right to be free from cruel and unusual punishment by sentencing him to 45 years for aggravated robbery when he was not the actual attacker, and when multiple witnesses testified that the co-conspirator was completely responsible for the victim's injuries?

4.      Did the trial court err in allowing the co-conspirator to remain silent on the witness stand after she had already waived her privilege against self-incrimination

3

by admitting in open court the existence of incriminating communications with the Appellant?  Was the Appellant's right to confrontation thereby violated depriving him of a fair trial?

## SUMMARY OF THE ARGUMENT

The trial court erred in taking the Appellant's plea of true to the prior convictions as alleged in the indictment.  Therefore the plea of true to the priors was not knowing and voluntary. The admonishment of the sentencing enhancements was not done contemporaneously with the taking of the plea.  At the pretrial hearing, Appellant rejected an offer that would have given him a 15 years minimum punishment range.  It is unreasonable to assume that he knowingly and voluntarily admitted to priors that would enhance his punishment range to a minimum of 25 years.

The State also failed to present sufficient evidence that the Appellant's second prior conviction was final prior to the commission of the second alleged prior.  The Appellant never pled on the record that the paragraphs in the indictment were true.  Also, the Appellant never specifically pled that the alleged prior offense had been finalized before the commission of the second alleged offense, and the state presented no evidence that this was the case.  Finally, the Appellant never admitted

or pled to being the same person that committed the offenses as alleged in the indictment.

The trial court violated the Appellant's right to be free from cruel and unusual punishment since the sentence of 45 years was grossly disproportionate to the offense. Numerous witnesses including the victim testified that the Appellant's wife was soley responsible for striking the victim over the head with a foreign object and shooting the victim with a pistol. The Appellant's wife therefore was independently responsible for the most serious of the victim's injuries. In light of testimony the court heard at the sentencing hearing about the Appellant's character and ties to the community, the sentence was constitutionally disproportionate.

The trial court also erred when it allowed the Appellant's wife, and co-conspirator to refuse testimony of Fifth Amendment grounds. At trial, the Appellant's wife admitted on the witness stand that she had written letters to the Appellant after the crime had occurred. When asked to testify as to the contents of those letter, she again invoked her Fifth Amendment privilege and the court did not instruct her to answer the question. Afterwards the Appellant attempted to testify as to the contents of the letters, in which she wrote to the Appellant regarding what her testimony would be at trial in regards to her own culpability. The State objected on the grounds of hearsay and the objection was sustained.

Supreme Court case law provides that once incriminating communications are revealed, Fifth Amendment privileges are waived and the declarant must testify to the contents of the communication. Therefore the trial court violated the Appellant's right to confrontation and right to a fair trial by wrongfully denying him the opportunity to develop the testimony of the witness.

## STATEMENT OF FACTS

In the early morning hours of October 13th 2013, Robert Patrick was shot and hit over the head with a foreign object by Gini Taylor, wife of the Appellant in the instant case. The victim met Gini Taylor the same night that she attacked him, at Pretty Lady Strip Club, where she worked as a professional stripper. (RR Vol. 4 at 17, 20). The victim left the club around 2am (RR Vol. 4 at 21), then returned to the club around 3am and gave Gini Taylor a ride back to her apartment where she lived with the Appellant. (RR Vol. 4 at 22). The victim stopped at an ATM machine on the way to Gini Taylor's apartment (RR Vol 4 at 24) and then drove Gini Taylor home to her apartment with the intention of paying her for sex. (RR Vol. 4 at 51). Sometime after entering the apartment, an altercation ensued between Robert Patrick and the Appellant. (RR Vol. 4 at 28; Vol. 5 at 41). During the altercation between the two men, Gini Taylor hit the victim over the head with

a foreign object and then shot him with a pistol. (RR Vol. 4 at 31-31; Vol. 5 at 43-44).

During the jury trial the Appellant's wife invoked her Fifth Amendment Privilege against self-incrimination, but then proceeded to admit that she wrote letters to the Appellant after the commission of the crime. (RR Vol. 5 at 31). When asked by defense counsel whether or not those letters discussed what her testimony would be a trial, she refused to answer the question on Fifth Amendment grounds. (RR Vol. 5 at 31). Subsequently, Appellant testified on his own behalf and attempted to introduce through testimony, the statements which incriminated his wife and exculpated himself. The State objected on the grounds of hearsay and the objection was sustained. (RR Vol. 5 at 45). The Appellant was unable to introduce the exculpatory materials that his co-conspirator had alluded to in her testimony.

At the sentencing hearing, the Appellant's mother testified that the Appellant's wife called her and admitted full responsibility for the shooting. (RR Vol. 6 at 25). At the sentencing hearing, the trial court heard testimony from the Appellant's mother that the co-conspirator, Gini Taylor, had called her before trial and admitted full responsibility for shooting and injuring the victim. (RR Vol. 6 at 25). The trial court also heard testimony that a harsh sentence would interfere with his ability to be there for his young daughter. (RR Vol. 6 at 28). The trial court sentenced the Appellant to 45 years imprisonment.

Although the Appellant never entered a plea on the record to the charges in Paragraph I of the indictment, the trial court at the pretrial hearing took his plea of true to the enhancement allegations in Paragraphs II and III at the conclusion of trial. (RR Vol. 5 at 96-97). The trial court admonished the Appellant of the consequences of pleading true to the enhancement allegations at the pretrial hearing on August 4, 2014. (RR Vol. 2 at 5). After the trial had concluded and the jury rendered a verdict of "guilty" to Paragraph I, the court took the pleas of true from the Appellant in regards to the enhancement allegations. (RR. Vol. 5 at 98). Afterwards, the trial informed the Appellant in front of the jury that his sentence would be enhanced as a result of pleading true to the prior convictions. Id. The trial court, in the presence of the jury, enhanced the range of punishment from 5 to 99 years to 25 years and up to life. Id.

The Appellant's sentencing hearing took place almost three months later on October 23, 2014. (RR Vol 5 at 1). The trial judge, who could not remember having taken the pleas of true from the defendant at the pretrial hearing, once again took the pleas of true from the Appellant without the proper admonishments. (RR Vol. 5 at 6). The trial court sentenced the Appellant to 45 years in the Texas Department of Criminal Justice. (RR Vol. 6 at 46).

**ARGUMENT**

## I. THE PLEA OF TRUE TO PRIOR CONVICTIONS WAS NOT KNOWING AND INTELLIGENT.

Prior conviction of a felony offense can be used by the court to enhance a sentence after conviction of a subsequent offense. See *Miles v. State*, 357 S.W. 3d 629, 634 (Tex. Crim. App. 2011). When determining if a plea was knowing and voluntary the court must consider the totality of the circumstances in light of the record. *Griffin v. State*, 703 S.W.2d 193, 196–97 (Tex. Crim. App. 1986). Prior to accepting a guilty plea the court must admonish the defendant of the range of punishment attached to the offense. Tex. Code. Crim. Proc. art 26.13 (a)(1).

The Texas Code of Criminal Procedure provides:

> "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."
>
> > Tex. Code Crim. Proc. Ann. art. 26.13(c); *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).

The court may not disregard this error since it affected the substantial rights of the defendant. Tex. R. App. P. 44.2(b).

Even if substantial compliance can be found in the record, the defendant was not aware of the consequences of his plea at the time it was taken and he was harmed by the erroneous manner in which the court admonished him. In the instant case, the

9

judge did not inform the defendant of the possibility of having an enhanced sentence when taking his plea of true in regards to the enhancement allegations. (RR Vol. 5 at 96-97). The defendant was admonished of the plea enhancements at a pretrial hearing on August 4, 2014. (RR Vol 2 at 5). It was not until after the trial was completed that the trial court took the defendant's plea of true on paragraphs 2 and 3 of the indictment. At the conclusion of the two day trial, after the jury had rendered its verdict, the trial court took the defendant's plea of true to paragraphs 2 and 3 of the indictment for the first time. Immediately after taking his plea of true in open court the trial judge then informed the defendant in front of the jury that his sentence would be enhanced. (RR Vol. 5 at 98). The court found that the range of punishment was enhanced from 5 to 99 years to 25 years and up to life. (RR Vol. 5 at 98).

At the sentencing hearing on October 23, 2014 the trial the judge could not remember ever having taken the plea of true from the defendant at the pretrial hearing. (RR Vol. 5 at 6). The judge therefore took the pleas on the record again, and again failed to admonish the defendant of the enhancement consequences thereof. (RR Vol. 5 at 6). At the conclusion of the sentencing hearing the trial judge sentenced the defendant to 45 years in the Texas Department of Criminal Justice. (RR Vol. 6 at 46).

In light of the entire record, the admonishment which took place on August 4, 2014, which was not contemporaneous with either of the pleas of true, renders the

10

admonishment constitutionally deficient. The defendant cannot be said to have made those pleas in a knowing and intelligent way when an entire 2 day trial had been presented in between the admonishment of the sentence enhancement and the initial taking of the pleas. It certainly cannot be said that the admonishments at the pretrial hearing were sufficient to advise the defendant of the consequences of a plea of true that occurred almost 3 months later at the sentencing hearing. The judge herself could not even remember at the sentencing hearing on October 23, 2014 that the pleas of true had been taken at the conclusion of the trial. It is unreasonable to assume that the defendant, who was apprised of the sentencing enhancements beforehand had a full and conscious understanding of the consequences of his plea at the time it was taken. Furthermore, the defendant at the pretrial hearing on August 4, 2014 had rejected an offer that would have made the range of punishment between 15 and 35 years. (RR Vol. 2 at 10). Instead the defendant elected to go to jury trial. Id. It is unreasonable to assume that a defendant who wished to go to jury trial instead of accepting a possible 15 year punishment was suddenly at the close of trial willing to stipulate to priors that would increase the minimum punishment to 25 years. The defendant was misled and harmed by the way he was admonished by the court. Therefore the sentence should be reformed and should be reduced to the extent that the sentence was increased due to the enhancement allegations.

11

**II.  THE STATE FAILED TO PRESENT EVIDENCE SUFFICIENT TO PROVE THE ENHANCEMENT ALLEGATION BECAUSE THE DEFENDANT NEVER PLED THAT EITHER OF THE PREVIOUS CONVICTIONS WERE FINAL.**

In order for the court to use prior felony convictions for enhancement purposes, the conviction must be final.  *Beal v. State,* 91 S.W.3d 794, 796 (Tex.Crim.App.2002).  The Texas Penal Code provides that the defendant's sentence may be enhanced for prior felony convictions if:

> "the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."

Texas Penal Code § 12.42 (4)(a)

The burden of proof is on the state to show that the prior conviction was final and that the defendant was the person convicted of the previous offense. *Augusta v. State*, 639 S.W. 2d 481, 484 (Tex. Cr. App. 1982); *Harvey v. State*, 611 S.W. 2d 108, 111 (Tex. Cr. App. 1981). An appealed conviction becomes final on the date that the appellate court confirms the conviction. *Beal supra*, at 795. Unlike a plea of guilty, a plea of true constitutes evidence sufficient to prove the enhancement allegation. *Dinn v State*, 570 S.W. 2d 910, 915 (Tex. Cr. App. 1978); *Harvey*, supra.   When a plea of true is entered, the State's burden of proof is satisfied for the purposes of proving an enhancement

12

allegation. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). "Therefore, the fact that appellant entered a plea of "true" must be affirmatively reflected by *evidence* in the record." Id.

This case is unlike *Casel v State*, where a sister court recently held that a plea of true was sufficient to support a finding of finality when the defendant specifically pled that they were finally convicted of that offense. See *Casel v. State*, No. 07-12-0106-CR, MEMORANDUM, 2012 WL 4210419 (Tex. App. - Amarillo, 9/20/12).[1]

The Defendant's case is similar to that of *Howard v. State*, where the evidence used to support the enhancement allegation was insufficient. *Howard v. State*, 429 S.W. 2d 155 (Tex. Cr. App. 1968). There, the defendant elected court sentencing and the record on appeal contained a stipulation by the defendant that he was the same person convicted of the previous offense. The record on appeal also contained a judgment stating that the defendant was "the same person previously convicted as alleged in the indictment for enhancement of punishment", and a sentence stating that he was previously convicted. The Texas Court of Criminal Appeals held that the trial court should have included the stipulation upon which it based its findings in the record. *Howard* at 156.

---

[1] *Casel v. State,* although unpublished, cites authoritative case law adopted by the courts.

There was even less evidence presented to support the enhancement allegations in the instant case than in *Howard*. In the instant case, the record on appeal contains an indictment which states the basis for the enhancement allegations. (CR at 5). Paragraph 2 of the indictment states that the defendant was convicted of burglary on December 12, 2009. Id. Paragraph 3 states that the defendant was subsequently convicted of possessing a firearm, and also states that the charge in Paragraph 2 was final at the time the conviction in Paragraph 3. Id. At the conclusion of the jury trial the court took the defendant's plea of true to Paragraphs 2 and 3 and read those paragraphs verbatim to the defendant.

The defendant pled true to those paragraphs at that time. (RR Vol. 5 at 97). The trial court did not ask him if he was pleading true to those paragraphs because they were true, but rather asked the defendant if he was pleading true because he was "previously convicted as alleged and for no other reason". (RR Vol. 5 at 97).

The instant case is therefore distinguishable from *Nabors v. State*, where admission of the sentencing allegations were held to be an adequate basis for enhancement when the defendant specifically stated that he was pleading true because the "because the enhancement paragraphs were true and for no other

reason." *Nabors v. State*, No. 12-00-00371-CR, 2002 WL 1362470, at \*9 (Tex. App. June 21, 2002).[2]

The defendant never separately pled to the fact that the first enhancement allegation was final at the time the second allegation occurred, and the court did not ask him to admit on the record that he was the same person as mentioned in paragraphs 2 and 3 of the indictment. The defendant never stated that he was pleading true because the paragraphs in the indictment were true. He only stated that he was pleading true because he was convicted. Therefore the defendant's first plea of true does not constitute sufficient evidence for the purposes of sentence enhancement.

No other evidence was presented by the state to prove that the enhancement allegation in Paragraph 2 was final at the time the offense in Paragraph 3 occurred. Furthermore, the indictment did not specifically state that the defendant in this case was the same person convicted of the offenses in Paragraphs 2 and 3. At trial the jury did not find beyond a reasonable doubt that Paragraphs 2 and 3 were true, the jury only found the defendant guilty as charged in Paragraph 1 of the indictment. (RR Vol. 5 at 94).

---

[2] *Nabors v. State*, although unpublished, cites authoritative case law adopted by the courts.

15

In October of 2014, at the outset of the sentencing hearing, the trial judge again took the defendant's plea on the enhancement allegations listed in the indictment because she could not remember ever having taken the pleas in the first place. (RR Vol. 6 at 6). The judge took the plea as follows:

> "Now, you have paragraphs 2 and 3 which allege prior convictions. In paragraph 2, it alleges that you were convicted in the 27th District Court of burglary of a habitation in 2009.
>
> Paragraph 3 alleges the unlawful possession of a firearm by a felon and that you were convicted in November of 2011 in the 426th.
>
> So I'm going to ask you at this time: To those paragraphs how do you plead, true or not true?"

(RR Vol. 6 at 6)

The defendant then pled true to the paragraphs as they were stated to him by the judge. The judge did not inform the defendant that Paragraph 3 alleged that the charge in Paragraph 2 was final at the time the subsequent offense occurred. Furthermore, the judge never asked the defendant to plead specifically that the charge in paragraph 3 occurred after the charge in paragraph 2 was finalized. No evidence was offered by the state to prove that the offense in paragraph 2 was finalized for the purposes of enhancing the defendant's sentence under *T*exas Penal Code § 12.42 (4)(a). There was no stipulation upon which the trial court made its finding that the enhancement allegations in the indictment could be used to enhance the defendant's sentence. The court asked the defendant whether or not he was pleading true because he was "convicted as alleged in each of those paragraphs".

16

(RR Vol. 6 at 8). To this, the defendant replied in the affirmative. Once again the defendant was never asked if he was pleading true because the entire paragraph was true, he was only asked if he was pleading true because he had been convicted.

Therefore the defendant is entitled to reformation of the judgment and sentence since the record does not reflect any evidence or stipulation to support sentencing enhancement. The judgment and sentence should be reformed in a way that eliminates references to the prior convictions as alleged in the indictment.

**III. THE SENTENCE OF 45 YEARS VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT BECAUSE IT IS DISPORPORTIONATE TO THE CRIME COMMITED.**

The constitutional prohibition against cruel and unusual punishment is guaranteed by the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution. *Calhoun v. State*, 214 S.W. 335 (Tex. Crim. App. 1919); *Jordan v. State*, 495 S.W. 2d 949, 952 (Tex. Crim. App. 1973). The Eight Amendment to the United States Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Supreme Court of the United States has held that "punishment is cruel and unusual if it is 'grossly disproportionate to the crime'". The Texas Court of Criminal Appeals has held that if a sentence is within the range of

17

punishment allowable by statute, it nevertheless may be disproportionate to the gravity of the offense. See *Ex Parte Chavez*, 213 S.W. 3d 320, 323-24 (Tex. Crim. App. 2006).

At the time of sentencing, the Appellant was only 26 years old. (RR Vol. 5 at 47). If the Appellant were to serve the entire term of his sentence he would be over 70 years old at the time of his release. The evidence on the record shows that it was the Appellant's wife, Gini Taylor, who shot the victim the night of the incident. (RR Vol. 4 at 32; RR Vol. 5 at 55). Furthermore the victim himself testified that it was Gini Taylor who caused the injuries to his head by hitting him with a foreign object (RR Vol. 4 at 31).

The punishment range the court selected was a minimum of 25 years and up to life. Texas Penal Code § 12.42 (4)(a); (RR Vol. 5 at 98). Without the admission of the plea of true the sentencing range would have been 5 to 99 years. Tex. Pen. Code § 12.32 (a). In light of the fact that the pleas of true to the enhancement allegations were invalid, the sentence is disproportionate to the crime committed. When the minimum possible sentence was enhanced impermissibly from 5 years to 25 years by the trial court the punishment became disproportionate.

The court should also consider the fact that the plea of true to Paragraph 3 of the indictment was not a plea of true to a crime of violence. Paragraph 3 of the

indictment was for felon in possession of a firearm, and not for a crime of violence. (CR at 5).

The Appellant has a young daughter, who he is close to, and the imposition of this sentence will deprive him of the opportunity to see her grow up. (RR Vol 6 at 28). The co-conspirator in this case acted willfully and independently and was the sole cause of the most serious injuries sustained by the victim. The Appellant in this case should not be bearing the brunt of the punishment for a crime committed by another. One of the prior offenses used to enhance the Appellant's sentence was not a crime of violence. In light of the entire record, the sentence of 45 years was grossly disproportionate to the offense committed. The Appellant therefore respectfully requests that the court abate the length of his sentence to reflect his actual level of culpability in the current case or remand the case for a new sentencing hearing.

## IV. THE COURT ERRED BY ALLOWING THE APPELLANT'S WIFE TO INVOKE HER FIFTH AMENDMENT RIGHT TO TESTIFY AFTER MAKING INCRIMINATING STATEMENTS ON THE WITNESS STAND.

The Sixth Amendment to the United States Constitution gives all defendants in a criminal trial the right to confront the witness against them. United States Constitution, Amendment VI. In *Crawford v. Washington* the Supreme Court has held that the right to confrontation applies to in court testimony and out-of-court

statements that are testimonial in nature. *Crawford v. Washington,* 541 U.S. 36, 51 124 S. Ct. 1354, 158 L.Ed. 2d 177 (2004). Testimonial hearsay is inadmissible unless the declarant is unavailable and the defendant was given a prior opportunity to cross examine. Id. at 68, 124 S. Ct. 1354. Testimonial hearsay cannot be admitted for the purpose of proving the truth of the matter asserted. *Crawford*, 541 U.S. at 59, n.9, 124 S. Ct. 1354. Whether an out-of-court statement is testimonial in nature is a question of law. *De La Paz v. State*, 273 S.W. 3d 671, 680 (Tex. Crim. App. 2008).

A party is entitled to waive their Fifth Amendment privilege against self-incrimination. "Thus if the witness himself elects to waive his privilege, as he may doubtless do, since the privilege is for his protection and not for the protection of other parties, and discloses criminal connections, he is not permitted to stop, but must go on and make full disclosure." *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 961 (S.D. Tex. 2010) citing *McCarthy v. Arndstein,* 262 U.S. 355, 358–59, 43 S.Ct. 562, 67 L.Ed. 1023 (1923) (same), *rehearing granted,* 263 U.S. 676, 44 S.Ct. 33, 68 L.Ed. 501 (1923), *aff'd,* 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924); *Rogers v. U.S.,* 340 U.S. 367, 373–74, 71 S.Ct. 438, 95 L.Ed. 344 (1951) ("Disclosure of a fact waives the privilege as to details"; "[W]here a witness has voluntarily answered as to materially [in] criminating facts . . . he cannot stop

20

short and refuse further explanation, but must disclose fully what he attempted to relate.").

In this instant case the co-defendant invoked her Fifth Amendment right not to testify at the Appellant's trial because her case was then currently on appeal. (RR Vol. 5 at 29, 101). After invoking her Fifth Amendment right not to testify, the co-defendant admitted in open court on the witness stand that she had written letters to the Appellant. (RR Vol. 5 at 31). When asked whether those letters expressed to the Appellant what her testimony would be at trial, the co-defendant refused to answer. (RR Vol. 5 at 31).

Subsequently, when the Appellant testified on his own behalf at trial, the Appellant attempted to testify as to the contents of one of the letters. The prosecution objected on the grounds of hearsay, and the objection was sustained. (RR Vol. 5 at 45). The Appellant was seeking to establish that his wife herself had destroyed the gun that she used to shoot the victim. Id. At the sentencing hearing, the Appellant's mother testified that the Appellant's wife called her and admitted full responsibility for the shooting. (RR Vol. 6 at 25). Had the Appellant's wife been instructed to answer the questions about the contents of the letter sent to the Appellant after the crime had occurred, there is a substantial likelihood that the Appellant would have been acquitted.

21

Since the trial court allowed the Appellant's wife to testify as to the existence of the letters and then did not instruct her to answer the questions concerning their contents, the Appellant's right to cross examine the witness was violated. This stripped the Appellant of the ability to present evidence of his strongest defense, which was that Gini Taylor, the co-defendant willfully and independently shot the victim without any instruction to do so by the Appellant and then attempted to destroy the evidence. Both the letters to the defendant and the phone call to his mother were out-of-court testimonial hearsay statements that should have subjected the Appellant's wife to cross-examination. By admitting on the stand that she wrote letters to the Appellant, she effectively waived her privilege against self-incrimination. The trial court was therefore required to instruct the witness to answer as to the contents of all incriminating communications since she revealed the existence of the communications on the witness stand.

The trial court by way of not instructing the witness to answer questions after her waiver of her Fifth Amendment rights, violated the Appellant's right to confrontation and also to a fair trial. Furthermore, the court erred in sustaining the hearsay objection of the State when the Appellant attempted to testify as to the contents of the letters himself. Since the Appellant was not provided with the right to confront a witness against him, and was not provided with a fair trial, Appellant's sentence should be vacated and a new trial should be granted.

## PRAYER FOR RELIEF

Based upon the foregoing arguments and legal authority, the Appellant, Devin Simmons, respectfully requests that this Honorable Court set aside the Sentence delivered in this cause, remand for a new trial at the punishment phase, and grant any such other and further relief as this Honorable Court deems just and proper.

DATED this 22nd day of May, 2015.

Respectfully submitted,

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Jr., Esquire
Texas Bar No. 24086378
Law Office of Robert L. Sirianni, Jr.
201 N. New York Ave. Suite 200
Winter Park, FL 32789
Telephone: (407) 388.1900
Facsimile: (407) 622-1511
Robert@brownstonelaw.com
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(1). Further, this brief complies with the type-face and type-style requirements of Texas Rule of Appellate

23

Procedure 9.4 because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in 14-point Times New Roman Font.

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Jr., Esquire

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(1), the foregoing Initial Brief was created using Microsoft Word, is 24 pages in length, and contains 5, 349 words, excluding the caption, cover page, statement regarding oral argument, table of contents, table of authorities, certificate of service, and certificate of compliance, and is filed as a PDF text-searchable document. Further, this brief complies with the type-face and type-style requirements of Texas Rule of Appellate Procedure 9.4 because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman Font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. First Class Mail, this 22nd day of May, 2015, to Terry E. Clark, Office of the District Attorney, 1201 Huey Road, Belton, Texas 76513-0540.

*/s/ Robert L. Sirianni, Jr.*
Robert L. Sirianni, Jr., Esquire