

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00109-CR

STEPHEN DAVIS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 6TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F15-2152-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Stephen Davis appeals his conviction and his twenty-five-year sentence for intoxication assault.[2] We affirm.

A grand jury indicted Davis for intoxication assault. The indictment alleged that while operating a car in a public place while intoxicated, he had crashed into

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 49.07(a) (West 2011).

a woman's car and had caused her serious bodily injury. For sentence-enhancement purposes, the indictment also alleged that he had two prior felony convictions.

At a jury trial, Davis pleaded not guilty. After considering the parties' evidence and arguments, the jury found him guilty. The jury also found that he had used a deadly weapon—the car—while committing the offense. After hearing more evidence and arguments concerning Davis's punishment, the jury assessed twenty-five years' confinement.[3] The trial court sentenced him accordingly, and he brought this appeal.

Davis's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that "any appeal . . . would be wholly frivolous." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App.

---

[3]Davis pleaded true to the indictment's sentence-enhancement allegations. His pleas of true, standing alone, were sufficient to support the enhancement of his sentencing range. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984); *see also Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (reciting the general rule "that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction"). With Davis's two prior felony convictions, the minimum sentence in the enhanced range was twenty-five years, which is the punishment that the jury assessed. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017).

2008) (orig. proceeding) (analyzing the effect of *Anders*).  We gave Davis an opportunity to file a pro se response to counsel's brief, and he did so.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Davis's pro se response.  We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 12, 2018